UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, ) | Cr. No.: 6:07-cr-01207-GRA-1 |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| James Anthony Williams, ) | (Written Opinion) |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Defendant's Motion to Reduce Sentence, filed on October 4, 2012. *See* ECF No. 113. Defendant now asks this Court to reduce his sentence for possession of a firearm during a crime of violence because (1) Plaintiff has an ongoing "family emergency" and (2) his sentence was calculated improperly. For the reasons stated below, Defendant's motion is DENIED.

Defendant brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

## Background

On September 27, 2007, Defendant and two other individuals, Grissett and Sullivan, robbed the Grand South Bank in Fountain Inn, South Carolina. Defendant and Grissett jumped over the counter and demanded the money while Sullivan stayed in the

lobby area as a lookout and pointed a 12-gauge shotgun at people. After realizing an alarm had been triggered, the three fled the bank and were eventually apprehended by police.

On February 22, 2008, Defendant was sentenced to 125 months imprisonment after pleading guilty to armed bank robbery ("Count One") and possession of a weapon during a crime of violence ("Count Two"), in violation of 18 U.S.C. § 2113(d) and 18 U.S.C. § 924(c)(1)(A) respectively. *See* ECF Nos. 28, 48 & 82. Defendant's sentence consisted of 41 months imprisonment as to Count One and 84 months consecutive as to Count Two. *See* ECF No. 82.

Defendant filed a previous Motion to Reduce Sentence on March 29, 2012, arguing that his sentence was calculated incorrectly, employing many of the same arguments he now asserts in his present motion. *See* ECF No. 102. The Court denied this motion on April 3, 2012. *See* ECF No. 104. This denial was upheld by the United States Court of Appeals for the Fourth Circuit. *See* ECF Nos. 111 & 112.

## **Discussion**

1. Ground One: Family Emergency

Defendant first argues that his sentence should be reduced under U.S.S.G. § 5H1.6 based on his family ties and responsibilities. Specifically, Defendant asserts that a reduction in his sentence is needed because his seven-year-old daughter has been diagnosed with brain cancer. *See* ECF No. 113. However, the Court declines to reduce Defendant's sentence on these grounds.

Section 5H1.6 of the United States Sentencing Guidelines provides that "family ties and responsibilities are not ordinarily relevant in determining whether a departure

may be warranted." Thus, a reduction in a defendant's sentence based on family ties and responsibilities is discouraged, absent a finding that "the defendant's family ties or responsibilities are extraordinary." *United States v. Wilson*, 114 F.3d 429, 434 (4th Cir. 1997). Essentially, a sentencing court may not depart downward or reduce a sentence on this basis unless it finds that a defendant is "irreplaceable." *Elliot v. United States*, 332 F.3d 753, 769 (4th Cir. 2003).

While this Court sympathizes with Defendant's situation, the record fails to indicate that any care and support that he has provided his daughter in the past is "irreplaceable." According to the Presentence Investigation Report, Lavell Jackson, the daughter's mother, had custody of Defendant's daughter before and after Defendant was sentenced. *See* ECF No. 103. Moreover, at the time of sentencing, Defendant had failed to pay his required child support and was unemployed. *Id.* Defendant now states that his daughter is in the custody of a Ms. Tabatha Dean. *See* ECF No. 113. Thus, there is no evidence that Defendant's absence has taken away "irreplaceable" support from his daughter, and therefore, the Court finds that a reduction in Defendant's sentence is not warranted on these grounds.

In fact, the Fourth Circuit has found improper Section 5H1.6 departures under circumstances equally as compelling as Defendant's. *See, e.g.*, *Elliot*, 332 F.3d at 768–69 (finding that district court abused its discretion in departing downward under § 5H1.6 where defendant was primary caregiver for an incapacitated husband who suffered from cancer, heart disease, diabetes, memory loss and confusion); *United States v. Rybicki,* 96 F.3d 754, 759 (4th Cir.1996) (holding that district court abused its discretion in departing downward under § 5H1.6 based on defendant's responsibilities for his wife

and son, both of whom had medical problems); *United States v. Maddox,* 48 F.3d 791, 799 (4th Cir.1995) (reversing downward departure for extraordinary family ties where the district court found that the defendant provided invaluable care for his severely mentally disabled sister and his mother and was "crucial to the structure and stability of his family").

Accordingly, while this Court appreciates the Defendant's circumstances, extraordinary circumstances do not exist in this case, and the Court declines to reduce Defendant's sentence based on his family ties and responsibilities.

2. <u>Ground Two:  Improper Sentence Calculation</u>

Defendant next argues that his sentence was improperly calculated.  Defendant was sentenced on Count Two pursuant to title 18 U.S.C. § 924(c)(1)(A), which states:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall . . .
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .

Defendant asserts that he should have been sentenced to 60 months under § 924(c)(1)(A)(i) instead of his sentence of 84 months under § 924(c)(1)(A)(ii).  ECF No. 113.  Specifically, Defendant takes issue with the Court's previous finding that Defendant properly received the enhancement for brandishing a firearm because it was "reasonably foreseeable" that Defendant's co-defendant, Sullivan, would brandish a firearm during the commission of the bank robbery.  Nevertheless, this Court again finds

that Defendant was properly sentenced even though Defendant did not personally brandish the weapon during the robbery.

"[A] defendant who undertakes a joint criminal activity is accountable, for sentencing purposes, for the reasonably foreseeable conduct of the others involved in furtherance of the jointly undertaken criminal activity." *United States v. Harrison*, 272 F.3d 220, 223 (4th Cir. 2001) (citing U.S.S.G. § 1B1.3) (finding that the enhancement for firing a weapon during a crime of violence was proper where the defendant's co-defendant fired a weapon at police officers and was charged under 18 U.S.C. §924(c)). In addition, the Fourth Circuit has held that section 924(c)(1)(A) outlines sentencing factors, and not elements of separate offenses. *Id.* at 224 (citations omitted). *See, e.g.*, *United States v. Harris*, 243 F.3d 806, 812 (4th Cir. 2001); *United States v. Carlson*, 217 F.3d 986, 987 (8th Cir. 2000) ("[B]oth § 924(c)(1)(A)'s plain language and structure show Congress intended brandishing to be a sentencing factor and not an element of the § 924(c)(1)(A) offense."). Thus, for the brandishing enhancement to apply to a defendant, it must only have been "reasonably foreseeable" that a co-defendant in the "jointly undertaken criminal activity" would brandish a firearm. *See* U.S.S.G. § 1B1.3. The defendant does not have to personally brandish the firearm, and brandishing a firearm does not have to be part of the original plan or scheme among the co-defendants. *Id.*

The facts, as stated in the Presentence Investigation Report, indicate that Defendant's co-defendant, Sullivan, was the individual who pointed the 12-gauge shotgun at individuals during the robbery. Section 924(c)(4) defines "brandish" as "to display all or part of the firearm, or otherwise make the presence of the firearm known to

another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person." 18 U.S.C. § 924(c)(4). Therefore, as a preliminary matter, the Court finds that Co-defendant Sullivan's conduct constitutes brandishing a weapon under section 924(c)(1)(A)(ii).

The Court also finds that it was reasonably foreseeable that one of Defendant's co-defendants might brandish a weapon in furtherance of the bank robbery. Defendant claims Sullivan "entered the bank . . . in deviation from the original plan." *See* ECF No. 113. He claims that the original plan was for Defendant "to obtain the money while Mr. Sullivan waited outside the establishment." *Id.* However, even though the original plan may not have involved Co-Defendant Sullivan brandishing a 12-guage shotgun at individuals in the lobby of the bank, it was foreseeable that he may do so during the course of the robbery. Defendant and the two co-defendants went to the bank with the intention of robbing it by force and also had a 12-gauge shotgun in their vehicle. Within this scheme, the Court finds that it was "reasonably foreseeable" by all of the Defendants that a weapon might be brandished at some point. Therefore, the sentencing enhancement in §924(c)(1)(A)(ii) was properly attributed to Defendant for sentencing purposes.

Therefore, this Court finds that Defendant's sentence was proper and correct, and Defendant's Motion for Reduction of Sentence is hereby **DENIED**.

**IT IS SO ORDERED.**

_____

G. Ross Anderson, Jr.
Senior United States District Judge

October 10, 2012
Anderson, South Carolina

## **<u>NOTICE OF RIGHT TO APPEAL DECISION</u>**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within **fourteen (14)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**