UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. No.:  6:07-cr-01207-GRA-1 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| James Anthony Williams, | ) | (Written Opinion) |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant James Anthony Williams' ("Defendant") Motion for Reconsideration of the Court's April 2, 2012 Order denying his Motion for a Reduction of Sentence.  Specifically, Defendant asks this Court to revisit its previous decision in light of the United States Supreme Court's recent decision in *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, No. 11-9335, 2013 WL 2922116 (June 17, 2013).  For the reasons stated below, Defendant's motion is DENIED.

## Standard of Review

Petitioner brings this motion *pro se*.  This Court is required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The liberal construction requirement does not mean that a court can ignore a clear failure to allege facts that set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*,

901 F.2d 387, 391 (4th Cir. 1990). Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *see Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the party's legal arguments for him, *see Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

On September 27, 2007, Defendant and two other individuals, Grissett and Sullivan, robbed the Grand South Bank in Fountain Inn, South Carolina. Defendant and Grissett jumped over the counter and demanded the money while Sullivan stayed in the lobby area as a lookout and pointed a 12-gauge shotgun at people. After realizing an alarm had been triggered, the three fled the bank and were eventually apprehended by police.

On February 22, 2008, Defendant was sentenced to 125 months imprisonment after pleading guilty to armed bank robbery ("Count One") and possession of a weapon during a crime of violence ("Count Two"), in violation of 18 U.S.C. § 2113(d) and 18 U.S.C. § 924(c)(1)(A) respectively. *See* ECF Nos. 28, 48 & 82. Defendant's sentence consisted of 41 months imprisonment as to Count One and 84 months consecutive as to Count Two. *See* ECF No. 82. Defendant did not file a direct appeal.

Defendant filed a Motion to Reduce Sentence on March 24, 2012,[1] arguing that his sentence was calculated incorrectly.  ECF No. 102.  The Court denied this motion on April 3, 2012.  ECF No. 104.  This denial was upheld by the United States Court of Appeals for the Fourth Circuit on June 21, 2012.  ECF Nos. 111 & 112.  Defendant also filed a subsequent Motion to Reduce Sentence, which included this same argument, and the Court denied the motion on October 10, 2012.  ECF No. 114.

## Discussion

Defendant's March 24, 2012 Motion to Reduce Sentence was filed pursuant to 18 U.S.C. § 3582.  ECF No. 102.  Under § 3582, a district court's imposition of a term of imprisonment "constitutes a final judgment."  18 U.S.C. § 3582(b).  A district court "may not modify a term of imprisonment once it has been imposed" unless (1) the Bureau of Prisons moves for a reduction; (2) the Sentencing Commission amends the applicable Guidelines range; or (3) another statute or Rule 35 of the Federal Rules of Criminal Procedure expressly permits the court to do so.  *Id.* §3582(c).

Defendant's previous motion was made pursuant to 18 U.S.C. § 3582(c)(2) which allows a court to reduce a defendant's sentence when it is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  Defendant asserted that he should have been sentenced to sixty (60) months under 18 U.S.C. § 924(c)(1)(A)(i) instead of his sentence of eighty-four (84) months under § 924(c)(1)(A)(ii) because he never pled guilty to "brandishing" a firearm as required for the increased mandatory minimum sentence under that section.  The Court denied this motion on April

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk.  *Houston v. Lack*, 487 U.S. 266, 276 (1988).

3, 2012, relying on the Supreme Court's decision in *Harris v. United States*, 536 U.S. 545 (2002), which held that judicial factfinding that increases the mandatory minimum sentence for a crime is permissible under the Sixth Amendment. ECF No. 104. The Fourth Circuit upheld this decision on June 21, 2012. ECF Nos. 111 & 112.

Defendant now moves this Court to reconsider its April 3, 2012 order in light of the Supreme Court's recent decision in *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, No. 11-9335, 2013 WL 2922116 (June 17, 2013), which expressly overruled the decision in *Harris* and held that because "brandishing" increases the mandatory minimum under §924(c)(1)(A), it is "an 'element' that must be submitted to the jury" and not found by the judge. However, in *United States v. Goodwyn*, 596 F.3d 233 (4th Cir. 2010), the Fourth Circuit held that "a district court lacks authority to grant a motion to reconsider its ruling on a § 3582(c)(2) motion." *United States v. McKelvey*, 504 F. App'x 220 (4th Cir. 2013) (citing *Goodwyn*, 596 F.3d at 234). Thus, the Court finds that it lacks jurisdiction to consider Defendant's Motion for Reconsideration. Accordingly, the motion must be denied.

Additionally, the Court notes that the appropriate vehicle for Defendant to attack his sentence is a petition pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. However, such a construction may have serious implications for Defendant due to the procedural limitations on § 2255 petitions, and may limit his ability to pursue his claims. Therefore, these limitations will be briefly outlined.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner seeking federal habeas relief essentially operated under no statutory time limitation. On April 24, 1996, the President of the United States signed the AEDPA into law. *See* Pub. L. No. 104-132 (1996). The AEDPA instituted a one-year statute of limitations for filing motions pursuant to 28 U.S.C. § 2255. The AEDPA's amendments to 28 U.S.C. § 2255 provide, in relevant part, that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In addition to the time limitations above, petitioners are also limited in the number of petitions they are allowed to make. Under the AEDPA, an individual is not permitted to "file a second or successive . . . § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (citations omitted). Section 2255 provides:

[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *See also* 28 U.S.C. §§ 2244, 2253.

Since a prisoner is entitled to file only one § 2255 petition without seeking permission from the court of appeals, the United States Court of Appeals for the Fourth Circuit has implemented certain safeguards for prisoners before their filings may be construed as a § 2255 petition. *See United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002). The Fourth Circuit requires that before a district court re-characterizes a filing as a § 2255 petition, it must: (1) notify the petitioner of this decision, (2) advise the petitioner of the statutory and procedural limitations on § 2255 petitions discussed above, and (3) provide a reasonable opportunity to respond to the re-characterization. *Id*. at 649. Moreover, the petitioner must be given the opportunity to amend the motion to include all grounds he wishes to raise in a § 2255 motion. *Castro v. United States*, 540 U.S. 375, 377 (2003).

In compliance with this directive, this Court is providing Defendant twenty (20) days from the date this order is entered (plus three days for mail time pursuant to FRCP 6(d)) to inform, in writing, the Clerk's Office in Greenville, South Carolina, if he does not wish the above-captioned matter to be treated as a § 2255 petition. Defendant shall also be granted leave to amend his current motion to assert any

additional grounds for relief he wishes to raise in a § 2255 petition. If at the end of

the period specified in this order, the Clerk's Office has not received a response from

Defendant, the above-captioned case will be treated as a § 2255 action and ruled on

accordingly.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration of

this Court's April 2, 2012 Order is DENIED.

**IT IS FURTHER ORDERED** that Defendant has twenty (20) days from the

entry of this order to notify the Clerk of Court if he does not wish for his motion to be

construed as a § 2255 petition or to assert any additional grounds for relief he wishes

to raise in a § 2255 petition.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July __3__, 2013
Anderson, South Carolina